Richard S. Rozen, Landlord, *v.* Harlan Byng, Tenant.

County Court, Schenectady County, November 14, 1947.

*Jeremiah Hinden* for landlord.

*Max H. Hershkowitz* for tenant.

Liddle, J. This is a summary proceeding to evict the tenant, Harlan Byng, from house and premises " upper flat, 515 Nott Street " in the city of Schenectady.

The landlord seeks in good faith immediate occupancy of demised premises. The tenant denies landlord's allegations and as an affirmative defense alleges landlord intends to remodel all or a portion of said premises and to convert all or a portion of said premises for commercial purposes, namely, for the use of a grill.

It therefore appears that the decision depends largely upon an interpretation of paragraph (4) of subdivision (a) of section 209 (U. S. Code, tit. 50, Appendix, § 1881 *et seq.* [Public Law 129, 80th Cong., 1st Sess.]), also known as the Housing and Rent Act of 1947, which reads as follows: " * * * (4) the landlord seeks in good faith to recover possession of such housing accommodations for the immediate purpose of substantially altering, remodeling, or demolishing them and replacing them with new construction, and the altering or remodeling is reasonably necessary to protect and conserve the housing accommodations and cannot practically be done with the tenant in occupancy, and the landlord has obtained such approval as may be required by Federal, State, or local law for the alterations, remodeling, or any construction planned * * *."

There appears to be no substantial conflict of the facts. The

landlord and/or his brother, or a member of his family have been the owner of the property for some time. Landlord seeks possession of upper flat as an incident to the remodeling of lower flat into a grill and restaurant. Nowhere does it appear that a building permit from local authorities has either been granted or applied for. Landlord further testified he had secured (oral), at least, approval from the New York State Alcoholic Beverage Control Board for a permit or license to operate a grill. There is no corroboration of this fact.

Tenant testified he had with his wife and minor children occupied the premises in question for several years. That he has under his lease from month to month the one-half use of the cellar, which use and occupation has been partially invaded by present landlord. Counsel for tenant argues that landlord's chief objective is to by-pass the statute above quoted.

That there is a want of dwelling unit housing accomodation in the city of Schenectady, there can be no doubt. It is far more essential to the public welfare to preserve dwelling units than to remodel a dwelling unit for the purpose of commercial usage, namely, to be used as a grill or the uses in connection therewith, and more especially when there appears to be several grills in the immediate neighborhood of premises in question.

Analyzing all the evidence before the court it appears that the merits of the issues of this case weigh more heavily in favor of tenant.

Final order will, therefore, be entered for the tenant in accordance with this opinion, with costs. Submit order.